SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV07638879 | D1 CM | 10955822 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

JOHNNY LEE, SR.
vs
UNIVERSITY HOSPITALS HEALTH SYSTEM,
INC.

**PLAINTIFF**

**DEFENDANT**

# SUMMONS

UNIVERSITY HOSPITALS HEALTH SYSTEM
INC
C/O JANET L. MILLER ITS STATUTORY
AGENT
11100 EUCLID AVE
CLEVELAND OH 44106-0000

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service of
this summons upon you, exclusive of the day of
service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

ANDREW J THOMPSON
29225 CHAGRIN BLVD.

SUITE 250
CLEVELAND, OH 44122-0000

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

RICHARD J MCMONAGLE
Do not contact judge. Judge's name is given for
attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Oct 19, 2007 |

By _____
Deputy

COMPLAINT FILED   10/16/2007



LAW DEPARTMENT

OCT 2 5 2007

CLAIMS & LITIGATION

DEFENDANT'S
EXHIBIT
A

CMSN130

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

JOHNNY LEE, Sr.                          )
4961 Green Road                          )          Judge: RICHARD J MCMONAGLE
Warrensville Heights, OH 44128           )
                                         )              CV 07 638879
            Plaintiff,                   )
                                         )          JUDGE:
    vs.                                  )
                                         )
UNIVERSITY HOSPITALS HEALTH              )
SYSTEM, INC.                             )
c/o Janet L. Miller, its Statutory Agent )
11100 Euclid Avenue                      )
Cleveland, OH 44106                      )
                                         )
            Defendant.                   )
                                         )

## COMPLAINT
## JURY DEMAND ENDORSED HEREON

1.      This is an action to remedy the unlawful acts of Defendant University

Hospitals Health System, Inc., which include discrimination on the basis of disability in

violation of R.C. §4112.02(A), and retaliation for exercise of rights under the Family and

Medical Leave Act ("FMLA"), codified at 29 U.S.C. §2611 et seq.

### JURISDICTION AND VENUE

2.      The jurisdiction of the Court over this controversy is invoked pursuant to

Ohio Revised Code §4112.99 and 29 U.S.C. §2617(a)(2).

3.      The unlawful employment practices alleged below were committed in

Cuyahoga County, Ohio.

4.      Plaintiff Johnny Lee, Sr. was an "employee" of Defendant within the

meaning of R.C. §4112.01(A)(3) and an "eligible employee" for purposes of the FMLA

within the meaning of 29 U.S.C. §2611(2)(A).

     5.    Defendant UHHS is an "employer" within the meaning of O.R.C. §4112.01(A)(2) and, for purposes of the FMLA, 29 U.S.C. §2611(4)(A).

PARTIES

     6.    Plaintiff, Johnny Lee, Sr. ("Lee"), is a 56 year-old male residing in Cuyahoga County, Ohio.

     7.    Defendant, University Hospitals Health System, Inc., ("UHHS") is a medical services organization with its headquarters in Cleveland, Ohio.  According to its 2006 "Report to the Community", UHHS has approximately 25,000 employees among its main facilities in Cleveland and its partner hospitals throughout Northeast Ohio, and is among the top five private sector employers in the state of Ohio.

FACTUAL ALLEGATIONS

     8.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 7 of this complaint as if fully rewritten herein.

     9.    Lee began working for UHHS in 1981 and continued through 1996.  He returned to UHHS in 1999 and was employed there until his unlawful discharge in November 2006.

     10.    Lee injured his back while working at UHHS in September 1985.  He received treatment for his injury, including physical therapy, between 1985 and 1996. He missed work only sporadically to attend to his injury.  Lee's colleagues assisted him from time to time when he could not lift heavy items at work due to his back injury.

     11.    Lee again injured his back at work in 2001.  He reported the injury to his supervisor at UHHS.

2

12.    In 2004, Lee began working in UHHS' Sterlization Department as a certified Clinical Processor Technician ("CPT"). His job entailed sterilizing, preparing, and arranging instruments for surgery. Lee's co-workers helped him lift heavy objects when necessary to accommodate his back injuries.

13.    In October 2005, Lee requested FMLA leave to treat his worsening back pain. UHHS approved the request.

14.    In November 2005, Lee's treating physician, Dr. Winer, authorized him to return to work but imposed a 25-pound lifting restriction. Dr. Winer also imposed restrictions on climbing and limited Lee to occasional bending, squatting, twisting, and reaching. These limitations did not prevent Lee from performing the essential functions of his job.

15.    Lee notified UHHS of the medical restrictions Dr. Winer imposed. Lee also requested intermittent FMLA leave to treat his improved, but still ongoing, back pain. He was told by Mary Wilson of the UHHS Human Resources Department that he could not return to his position as a CPT and that he must be "100 percent" to continue working as a CPT.

16.    Lee submitted a letter in December 2005 to his supervisor, Kathy Dobie, indicating his medical restrictions and requesting accommodations for restrictions so that he could return to work. Dobie refused his requests in a letter dated January 3, 2006.

17.    Since November 2005, Lee has been, ready, willing, and able to perform the essential functions of his job as a CPT.

18.    UHHS refused to engage in an interactive discussion with Lee to identify a

3

reasonable accommodation that would allow him to continue his employment.

19.    UHHS failed and/or refused to offer Lee a position. The actions of UHHS constitute a constructive discharge.

20.    The conduct of UHHS described above was at all times intentional and malicious, and was intended to deprive Lee of his rights.

21.    As a direct and proximate cause of his unlawful discharge, Lee has suffered irreparable harm, including but not limited to emotional distress, humiliation, mental anguish, depression, and loss of his salary and benefits.

FIRST CAUSE OF ACTION
Disability Discrimination

22.    Lee repeats and realleges each allegation in paragraphs 1 through 21 of this Complaint as if fully rewritten herein.

23.    Lee has received ongoing medical treatment for anxiety and depression that was caused, at least in part, by the actions of UHHS described above.

24.    Lee is a "qualified disabled person" within the meaning of O.R.C. §4112.01(A)(13) and O.A.C. §4112-5-02.

25.    UHHS regarded Lee as disabled.

26.    UHHS unlawfully discriminated against Lee because of his disability in violation of O.R.C. §4112.02(A) by failing to engage in an interactive discussion with Lee about his employment, failing to reasonably accommodate his disability, constructively terminating his employment based on his disability and/or by regarding Lee as having a disability.

27.    Defendants' actions, which were intentional, malicious, and in bad faith, justify an award of back pay, front pay, benefits, special damages, emotional pain,

4

suffering, mental anguish, punitive damages, attorneys' fees, and all other remedies to which he is entitled under law.

SECOND CAUSE OF ACTION<br>Retaliation for Exercising Rights under FMLA

28.    Lee repeats and realleges each allegation in paragraphs 1 through 27 of this Complaint as if fully rewritten herein.

29.    Lee exercised a protected right under the FMLA when he took leave to treat his back injury in October and November 2006.

30.    UHHS terminated Lee's employment, at least in part, in retaliation for his exercising his rights under the FMLA.

31.    UHHS' willful violation, made in bad faith, of Lee's rights under the FMLA warrants an award of lost wages, benefits, liquidated damages, attorneys' fees and costs.

INJUNCTIVE RELIEF ALLEGATIONS

32.    Plaintiff incorporates by reference paragraphs 1 through 31 of this complaint as if fully rewritten herein.

33.    No previous application for the injunctive relief sought herein has been made to this Court.

34.    If this Court does not grant the injunctive relief sought herein, Lee will be irreparably harmed.

35.    No plain, adequate, or complete remedy at law is available to Lee to redress the wrongs addressed herein.

5

WHEREFORE, Plaintiff, Johnny Lee, Sr., demands judgment against Defendant, University Hospitals Health System, Inc., as follows:

(1)     Grant such injunctive relief as may be appropriate, including reinstatement;

(2)     Award back pay and front pay damages, damages for paid and suffering, mental and emotional distress, punitive damages, attorneys' fees, costs, and any other relief to which he may be entitled to under law in an amount that will fully, fairly, and reasonably compensate him for his loss and damages, in excess of the $25,000 pleading threshold.

Respectfully submitted,

Andrew J. Thompson (0071530)
STEGE & MICHELSON CO., L.P.A.
29225 Chagrin Blvd., Suite 250
Cleveland, OH 44120
(216) 292-3400
(216) 292-3411 facsimile

ATTORNEY FOR PLAINTIFF
JOHNNY LEE, SR.

## JURY DEMAND

Plaintiff hereby requests a trial by jury in the manner specified by law.

Andrew J. Thompson, Esq.

6