UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHNNY LEE, SR., ) | Case No. 1:07 CV 3555 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| UNIVERSITY HOSPITALS HEALTH ) | |
| SYSTEM, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's Motion for Order to Dismiss Second Cause of Action (ECF #70) and Plaintiff's Motion to Remand his remaining state law claim to state court. (ECF #71). In his Motion to Dismiss, Plaintiff asks the Court to dismiss with prejudice his federal claim under the Family Medical Leave Act (FMLA). Defendant does not oppose Plaintiff's Motion to Dismiss. Accordingly, Plaintiff's Motion for Order to Dismiss Second Cause of Action is GRANTED and Plaintiff's FMLA claim is hereby DISMISSED WITH PREJUDICE.

Plaintiff also asks that his remaining state law disability discrimination claim be remanded to the Cuyahoga County Court of Common Pleas from which it was removed. Defendant objects to remand, claiming Plaintiff is engaging in forum shopping. Pursuant to 28 U.S.C. § 1367(c), a federal district court has discretion to decline to exercise supplemental jurisdiction over state law claims after federal claims giving rise to the court's jurisdiction have been dismissed. It is generally recognized that where, as in this case, federal issues are dismissed before trial, district courts should decline to exercise pendent, or supplemental, jurisdiction over state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130,

16 L.Ed.2d 218 (1966); *Taylor v. First America Bank-Waynd*, 973 F.2d 1284, 1289 (6th Cir. 1992); *Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 319 (1987) (after dismissing all federal claims, it was error for the district court to have retained jurisdiction over the purported state law claims for the purpose of dismissing them with prejudice. The district court instead should have remanded the pendent state claims to the state court from which they were originally removed.); *Burt v. Blue Shield*, 591 F.Supp. 755, 759 (S.D.Ohio 1984); *Nash & Assocs., Inc. v. Lum's of Ohio, Inc.*, 484 F.2d 392, 396 (6th Cir.1973). In keeping with these precedents and in the interest of all parties in this case, the Court will decline to assert supplemental jurisdiction over Plaintiff's remaining state law claim. This action will be remanded to the Cuyahoga County Court of Common Pleas from which it was removed.

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Plaintiff's Motion to Dismiss Second Cause of Action (ECF #70) and Plaintiff's FMLA Claim is hereby DISMISSED WITH PREJUDICE. Further, Plaintiff's Motion to Remand his remaining state law claim to the Court of Common Pleas for Cuyahoga County, Ohio (ECF #71) is GRANTED. Accordingly, the Clerk of Courts is ordered to REMAND this case to the Court of Common Pleas for Cuyahoga County, Ohio.

IT IS SO ORDERED.

DATED: October 13, 2009

_____
DONALD C. NUGENT
UNITED STATES DISTRICT COURT